CITY OF WEST ALLIS, Respondent, vs. CITY OF MILWAUKEE and another, Appellants.

*April 3—May 1, 1923.*

*Municipal corporations: Contract for furnishing water by city to village: Construction: Right of city to raise rate.*

A contract entered into between the village (now city) of West Allis and the city of Milwaukee, whereby the village was to construct water mains, to be approved by the city of Milwaukee, to connect with the mains of that city, and to pur-

West Allis v. Milwaukee, 180 Wis. 512.

chase all needed water, and which provided that the system was to become the property of the city without compensation upon annexation of the village to the city; that the village was to obey the regulations of the city; that the city was not to be liable for damages in case of failure to furnish water; that the city had the right to discontinue the supply whenever its best interests required it; and that the village had the right to such water upon the payment of a designated rate and giving security for such payment,—did not give the city the right to arbitrarily fix a new rate and so modify the obligations of the contract.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

The complaint, after setting out the corporate character of the parties and the fact that the city of *West Allis* is successor to the village of *West Allis,* alleges that on the 27th day of October, 1905, the city of *Milwaukee* entered into a contract with the village of *West Allis.* The contract is printed in the margin.[1] Its provisions may be briefly summarized as follows:

(1) The village was to construct a system of water mains on plans to be approved by the city of *Milwaukee.*

(2) To lay the pipes from its limits to those of the city.

[1] This agreement, made and entered into this 18th day of October, 1905, by and between the city of Milwaukee, a municipal corporation in the county of Milwaukee and state of Wisconsin, hereinafter mentioned as party of the first part, and the village of West Allis, a municipal village corporation in the county of Milwaukee and state of Wisconsin, hereinafter mentioned as party of the second part,

Witnesseth: That whereas the said party of the second part has made a proposition in writing to said party of the first part, by which said party of the second part proposes that it will, at its own expense, lay the pipes and mains necessary to supply the public and domestic needs of said village of West Allis, Wisconsin, with water, and will also lay the pipe from the present constructed pipe line of the city of Milwaukee, near the corner of Arnauld avenue and National avenue in the town of Wauwatosa, Wisconsin, to the village of West Allis; all said equipments to be of standard grade and sizes as used in the city of Milwaukee, Wisconsin, and that thereafter the said party of the second part will purchase from the

(3) It agreed to purchase all the water needed by it.

(4) All work upon the water system to be subject to the city's approval.

(5) When the village should be annexed to the city, all of the water system to become the property of the city without compensation.

(6) In the maintenance of its water system the village agreed to obey all rules and regulations made by the city.

(7) The city not to be liable for failure for any cause to furnish water and have the right to shut off the water and

said party of the first part, to be delivered at a point agreed upon between said parties, where a connection may be made with the water mains and city water system now owned and controlled by the city of Milwaukee, the water needed by said village, at a price to be agreed upon between said party of the second part and said party of the first part at said rate and in such manner as shall be agreed upon between them; and

Whereas, the said party of the first part is willing to accept said proposition subject to the following provisions and conditions, to wit; and has by a resolution of its common council authorized, empowered, and directed the proper city officers to enter into a contract with said party of the second part upon the terms and conditions herein set forth, to wit:

1st. That the laying of water pipe and all work to be done by said village conformably with said proposition shall be subject to inspection during progress by an inspector to be appointed by said city of Milwaukee, or who shall be selected to the satisfaction of Charles J. Poetsch, engineer of said city of Milwaukee, and paid for by said village, party of the second part; all of which work shall be to the approval and acceptance of Charles J. Poetsch, city engineer of the city of Milwaukee, after completion; all material employed to be subject to approval by such inspector.

2d. All pipes laid and all improvements, appliances, appurtenances, and everything whatsoever connected with the putting in of said water system in said village shall become a part of the water system of said city, party of the first part, and shall be owned by said city absolutely, whenever and at such time as the said village of West Allis or, any part thereof in which said water system or any part of said water system and equipment shall be located, shall be annexed to or in any manner become a part of said city of Milwaukee, and without any compensation to the village of West Allis, Wisconsin.

3d. That the party of the second part in the maintenance of said water system in said village of West Allis, when constructed and in its operation, will obey all rules and regulations that may from

discontinue the supply whenever the city's best interest required it.

(8) The village to pay six cents per one hundred cubic feet and give bond as security for such payment.

(9) The village to have the right to such water.

The complaint further alleges that, relying upon the contract, the village (now city) of *West Allis* has expended approximately $300,000 for the construction of water mains in said village, to be used in the distribution of the water furnished under the contract; that the water supply of the city

time to time be presented by the board of public works of the party of the first part for the use of said water, provided, however, that said party of the second part will pay all costs, charges, and expenses in the maintenance of said water system and for all extensions and improvements thereof, and said party of the first part shall in no manner be liable for damages or any claim or demand whatsoever arising or growing out of the construction of said system, or for the maintenance or operation thereof, in any manner whatsoever prior to such time as the territory of the village of West Allis, Wisconsin, or any portion thereof in which said water system is constructed, shall become annexed to and part of the city of Milwaukee, Wisconsin, after which time the said water system shall be maintained in so much of said territory of the village of West Allis, Wisconsin, by said city of Milwaukee in the same manner and as a part of the present Milwaukee city water system, and the said party of the second part shall at all times prior to the annexation of the village of West Allis to the city of Milwaukee, or of the annexation of any part thereof to the city of Milwaukee, be solely liable for the same.

4th. That the said city of Milwaukee, party of the first part, shall deliver water to said village of West Allis, party of the second part, at a point to be determined and fixed by the city engineer of the city of Milwaukee, Wisconsin, and agreed upon with said village, satisfactorily to said city engineer of said city of Milwaukee, and said party of the first part shall furnish to said party of the second part in conformity herewith at the rates hereinafter stipulated; provided, however, that said party of the first part shall at no time and under no circumstances be under liability to said village for any damages or claims whatsoever on account of the failure for any cause to furnish water as aforesaid, and said party of the first part shall then have the right to shut off water and discontinue the supply thereof to the said party of the second part, whenever in the judgment of the city engineer of said party of the first part the best interests of said city of Milwaukee require it.

5th. Said party of the second part shall pay to said party of the

of *Milwaukee* is obtained from Lake Michigan; alleges that the situation is such that the water supply of the city of *Milwaukee* is kept pure by virtue of the erection and maintenance of the Metropolitan sewerage district, of which the city of *West Allis* is a part; that by reason thereof plaintiff has a right and share in the pure water supply thus guaranteed to the city of *Milwaukee* and the remaining portion of the Metropolitan sewerage area.

It is further alleged that the city of *Milwaukee* is acting in a proprietary capacity and as such is a public utility as defined by sec. 1797*m*—1, Stats., and that by reason thereof all rates for the sale of water by the city of *Milwaukee* are subject to review by the railroad commission of the state of Wisconsin for the purpose of determining the reasonableness

---

first part for all water so consumed the sum of six (6¢) cents per hundred cubic feet, at the end of each quarter from and after the time when the water is turned on, and shall execute and deposit with the party of the first part a bond in the sum of ten thousand dollars ($10,000) conditioned that it will pay the said city of Milwaukee, party of the first part, for all water consumed by it or furnished to it in conformity herewith, which bond shall stand as security for such payment and be conditioned therefor.

6th. That said party of the second part shall have the right, however, to sell water supplied to it by said city, to the inhabitants of said village, or to other persons along the line of its said water mains at any point west of the place where the same shall be metered or measured by said city of Milwaukee, at such price or prices as it shall deem fit.

7th. The above and foregoing provisions and conditions being in all things acceptable to the party of the second part, and by the ensealing hereof by the party of the second part are hereby accepted, it is hereby covenanted and agreed to and with the party of the first part that the said party of the second part will lay all water pipes and do all work to be done in conformity with said proposition, including the building of such necessary meters and measuring appliances subject to and in accordance with and under the conditions prescribed, and will pay for water consumed at the rate per hundred cubic feet set forth in the above, within, and foregoing provisions and conditions.

In witness whereof the city of Milwaukee, party of the first part, has caused these presents to be executed in its behalf by Cornelius Corcoran, its acting mayor of said city of Milwaukee, and Edwin Hinkel, city clerk, and countersigned by the comptroller of said city, and has further caused its corporate seal to be hereto

West Allis v. Milwaukee, 180 Wis. 512.

and justness of such charge; that the city of *Milwaukee* has never filed any schedule of new rates for water to be charged the city of *West Allis* with the railroad commission as is required by law.

It is further alleged that the price charged to the plaintiff over and above that charged other consumers constitutes an unlawful discrimination, and that ever since it entered into the contract the city of *Milwaukee* has been earning large profits, amounting to not less than twenty per cent. return.

The complaint also alleges that the commissioner of public works of the city of *Milwaukee,* acting pursuant to a certain pretended authority (ch. 279 of the Laws of 1919), had submitted to the common council of the city of *Milwaukee* certain rules and regulations, which rules and regulations had been approved by the common council of the city of *Milwaukee,* wherein and whereby it was proposed to raise the price of water furnished under the contract from six cents per hundred cubic feet to ten cents per hundred cubic feet. It was alleged that the rate of ten cents per hundred cubic feet was fixed arbitrarily, not based on any valuation, and was made for the purpose of providing a fund for the construction of an alleged filtration plant.

It is further alleged that it was the agreement and understanding between the parties to the contract that it should continue until such time as the village of *West Allis* should

affixed this 27th day of October, 1905, and the village of West Allis, Wisconsin, party of the second part, has caused these presents to be executed in its behalf this 18th day of October, 1905, by Theodore Trecker, its village president, and H. D. Hill, its village clerk, with its corporate seal hereto affixed pursuant to a resolution duly authorizing the same, adopted by the village board of said village.

Countersigned by:           CITY OF MILWAUKEE,
                  CORNELIUS CORCORAN, Acting Mayor,
                  EDWIN HINKEL, City Clerk,
                  PETER PAWINSKI, Comptroller.
Executed and delivered in presence of:
      Anthony Szozerbinski,                (SEAL)
      Louis Liebscher, Jr.

be annexed to and become a part of the city of *Milwaukee;*
that the contract between the village (now city) of *West
Allis* and the city of *Milwaukee* was entered into under and
pursuant to the provisions of sec. 959—47, Stats. 1898.

This action was begun to restrain the city of *Milwaukee*
and the deputy commissioner of public works from enforcing
collection of the rate of ten cents per hundred cubic feet.
The defendants demurred to the complaint, and from the
order overruling the demurrer defendants appeal.

For the appellants there was a brief by *John M. Niven,*
city attorney of Milwaukee, and *Walter J. Mattison,* assist-
ant city attorney, and oral argument by *Mr. Mattison.*

*Joseph E. Tierney,* city attorney of West Allis, for the
respondent.

ROSENBERRY, J.   A number of questions have been argued
and we are asked to make a determination of questions ar-
gued.   In view of the nature and importance of this case we
shall make only such determination as is necessary to a de-
cision of the question presented, and that is whether or not
the complaint states facts sufficient to constitute a cause of
action.

The contract between the village (now city) of *West
Allis* and the city of *Milwaukee* was entered into prior to the
enactment of the public utility law.   It would seem to re-
quire no argument to show that the city of *Milwaukee,*
having entered into a valid contract, could not thereafter
arbitrarily change the contract price of the water to be fur-
nished under the contract and so impose a new and different
liability upon the other party to the contract.   It is argued
on behalf of the city of *Milwaukee* that, having a right to
terminate the contract, it may fix a new rate, and that the
fixing of the new rate amounts to a termination of the con-
tract with an offer to renew it on the part of the city of *Mil-
waukee* upon the new rate fixed by the city of *Milwaukee.*

There are two answers to this proposition.   First, it does

not appear that the city of *Milwaukee* has ever attempted to exercise the power which it claims it has by virtue of the provisions of paragraph 4 of the contract, which provides that it shall have the right to shut off water and discontinue the supply thereof whenever in the judgment of the board of public works the best interests of the city of *Milwaukee* shall require it. Second, it is alleged in the complaint that it was agreed and understood by the parties to the contract that it was to continue until the territory embraced in the plaintiff city should be annexed to the city of *Milwaukee* (an event which has not yet occurred).

We shall not attempt to say now whether or not the provisions referred to in paragraph 4 relate to a mere temporary suspension of service due to some emergency, or whether, standing by itself, unaided by other facts, it reserved to the city of *Milwaukee* the right to declare the contract at an end. Nor shall we attempt to determine here whether or not the enactment of ch. 279 of the Laws of 1919 operated to except the city of *Milwaukee,* as the owner and operator of its waterworks system, from the provisions of the public utility law. In any event, under the facts stated in the complaint the city of *Milwaukee* could not arbitrarily fix a new rate and so modify and change the obligations of the contract into which it entered with the village of *West Allis.*

*By the Court.*—The order appealed from is affirmed, and the cause remanded for further proceedings according to law.